UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

SWARANJIT SINGH KHALSA

Plaintiff

**CIVIL COMPLAINT**

-against-                                                           Case No.:_____

SANDEEP CHAKRAVORTY

**Jury Trial Demanded**

Defendant
-------------------------------------------------------------------X

     Plaintiff, SWARANJIT SINGH KHALSA (hereinafter "Plaintiff"), by and through his attorneys, complaining of the Defendant Sandeep Chakravorty (hereinafter "Defendant"), sets forth and alleges as follows:

## PRELIMINARY STATEMENT

1.    This action arises from the immensely damaging and defamatory statements made by Defendant against Plaintiff through written and verbal communications to Catherine Osten, State Senator of Connecticut and to the Governor of the State of Connecticut.  (annexed hereto as "**Exhibit A**").

2.    The defendant's letter dated November 05, 2018 (Exhibit "A") addressed to the Connecticut State Senator Honorable Catherine Osten and defendant's verbal communication as mentioned in the letter with the Governor, defamed the plaintiff and others similarly situated members of the Sikh community of Connecticut,  as (1)

1

"radical and terrorists[1]"; (2)"terrorist"; (3) "[making] money[2]"; (4) "taking benefit[3] of [the trust of public official]; and (5) carrying on a "pernicious campaign[4]".

3.     The defendant made the accusatory and defamatory statement in retaliation to the June 01, 2018 legislative action of the State Of Connecticut (Senate Bill No. 489 [Public Act No. 18-60] enacting the provision that "*The Governor shall proclaim November thirtieth of each year to be Sikh Genocide Remembrance Day to remember the lives lost on November 30, 1984, during the Sikh Genocide. Suitable exercises may be held in the State Capitol and elsewhere as the Governor designates for the observance of the day*" (Annexed hereto as "**Exhibit B**")

## FACTUAL BACKBROUND

4.     In the aftermath of Indira Gandhi's assassination on October 31, 1984, organized and systematic violence was unleashed against the Sikh people throughout India at the behest of the then ruling party of India, the Indian National Congress a.ka. "Congress-I". The violence against the Sikh population was planned on the directions of and with the active participation of prominent Indian politicians and carried out with the connivance of police and administration.

5.     The violence against Sikhs continued unabated for several days in more than 100 cities across India resulting in over 30,000 Sikhs killed; thousands of women

---

[1] Imputing the plaintiff with Sikh nationalist whom the defendant labels as "terrorists" and holds their actions as reason for November 1984 Anti-Sikh violence.

[2] According to defendant, the plaintiff's motive behind seeking the November 1984 anti-Sikh violence as genocide is to make money and seek power for himself.

[3] The defendant plainly alleges the plaintiff to have gained the trust of an public official Catherine Osten to advance his agenda

[4] The defendant calls the plaintiff's efforts to seek from State of Connecticut recognition of November 1984 anti-Sikh violence as genocide, as "pernicious campaign"

raped; hundreds of Gurdwaras (Sikh Temples) burnt, more than 300,000 Sikhs displaced and over 3 million affected.

5.     For decades Indian government continued to cover the gravity, scale and nature of the anti-Sikh violence of 1984 by calling it as "anti-Sikh riots of Delhi", despite clear and overwhelming evidence of the violence against Sikhs being India-wide, planned, systematic, deliberate and intentional. Overwhelming evidence, witness testimonies and forlorn debris of the burnt Sikh temples and homes clearly indicate that the anti-Sikh violence of November 1984 with carried out with clear intention to exterminate, in whole or in part, the Sikh population of India.

6.     Glaring examples of cover up of  the anti Sikh violence by the Indian authorities was exposed by the 2011 discovery of "mass grave of Sikhs" in village Hondh-Chillar, state of Haryana, followed by discovery of similar startling new evidence containing mass graves, ruined villages, burnt Gurudwaras and other traces of Sikh population annihilated during November 1984 in the sates of Haryana, West Bengal, Uttar Pradesh and Jammu & Kashmir.

7.     Under Article 2 of the U.N. Convention on the Prevention and Punishment of the Crime of Genocide 1948, genocide is defined as "attack with an intent to destroy in whole or in part, a religious or ethnic community".

9.     Section 1091 of 18 U.S. C and "Genocide Accountability Act of 2007" makes the crime of Genocide committed anywhere and anytime, punishable by the United States Courts.

10.    Millions of Sikhs around the world commemorate November as a month when Sikh people were subjected to genocidal attacks in India, therefore, proclaiming November 1st as "Sikh Genocide Remembrance Day" is a just demand

of the Sikh community which is widely being honored by the communities around the world.

11.     On June 01, 2018, the US State of Connecticut passed the Public Act 18-60 proclaiming the November 1st of each year to be "Sikh Genocide Remembrance Day". In addition, Province of Ontario, Canada, US State of California and scores of other cities in the United States have passed the resolutions recognizing November 1984 anti-Sikh violence as "Genocide".

12.     The plaintiff  Khalsa is among the known Sikh individuals from Connecticuit who had approached the members of the House and Senate of the Connecticut urging to commemorate November 01 of every year as Sikhs Genocide Remembrance Day.

13.     On November 05, the defendant Sandeep Chakravorty, Consul General of India, New York wrote a letter to Honorable Catherin Osten, State Senator of Connecticut. Ostensibly in an attempt to persuade her to withdraw support from the State legislation on the issue of Sikh Genocide, the defendant made statements against the plaintiff which are defamatory in nature, accuse the plaintiff of crimes, illegal and immoral activities and impute the plaintiff with adjectives carrying general and specifically in the given context, negative connotations, such as "radical and "terrorist" and carrying on "pernicious campaign".

14.     The defendants November 05, letter in relevant parts states that :
                    "the fringe/radical and terrorist elements of the Sikh
                    Community in Connecticut appear to be oblivious of what
                    has happened in the past and carrying on their vociferous,
                    pernicious and divisive campaign as they see money and

4

power for themselves in this. They now want to now import this divisiveness to Connecticut.

> grief to Sikhs and other peoples in Punjab and other places in India. However, the fringe/radical elements of the Sikh Community in Connecticut appear to be oblivious of what has happened in the past and are carrying on their vociferous, pernicious  and divisive campaign as they see money and power for themselves in this. They now want to now import this divisiveness to Connecticut.

15.     Attempting to persuade Senator Osten to withdraw her support from the legislative action of declaring to commemorate "Sikh Genocide Remembrance Day", Ambassador Sandeep, wrote:

> "We somehow feel that these fringe elements have taken benefit of your trust and made you to support this Bill with the help of not only distorted fact but also the divisive narrative which will seed discord among the peace loving united Indian Community who live the great State of Connecticut".................... "I also met with the Hon'ble Governor of Connecticut in this regard and he was appreciate of our concerns which are brought out in this letter"

> We somehow feel that these fringe elements have taken benefit of your trust and made you to support this Bill with the help of not only distorted facts but also the divisive narrative which will seed discord among the peace loving and united Indian Community who live in great State of Connecticut. Already many of them have written to the Hon'ble Governor in this regard. I also met with the Hon'ble Governor of Connecticut in this regard and he was appreciate of our concerns which are brought out in this letter.

16.     Plaintiff seeks an award of compensatory and punitive damages for the harm to his reputation that resulted from the blatantly false and defamatory statements and implications about him published by the Defendant.

## JURISDICTION AND VENUE

17.    This Court has jurisdiction, pursuant to 28 U.S.C. § 1332(a)(1) over all claims alleged herein as the matter in controversy in the cause of action asserted herein is between citizens of different States and exceeds $75,000 in damages.

18.    Venue properly lies in this Court because and it is a judicial district within a state that Defendant is currently residing and have his principal place of business and because it is a judicial district in which the events and omissions giving rise to the claims alleged herein (i.e. the letter) initiated and originated.

## PARTIES

19.    Plaintiff Swaranjit Singh Khalsa is a natural person, citizen of the United States and resident of Connecticut.

20.    Upon information and belief, the defendant Sandeep Chakravorty, is a natural person, operating and conducting business from New York, NY as Consul General of India.

## FACTUAL ALLEGATIONS

21.    On June 01, 2018, the US State of Connecticut passed the Public Act 18-60 proclaiming the November 1st of each year to be "Sikh Genocide Remembrance Day". In addition, Province of Ontario, Canada, US State of California and scores of other cities in the United States have passed the resolutions recognizing November 1984 anti-Sikh violence as "Genocide".

22.    The plaintiff  Khalsa is among the known Sikh individuals from Connecticut who had approached the members of the House and Senate of the Connecticut urging to commemorate November 01 of every year as Sikh Genocide Remembrance Day.

23.    On November 05, the defendant Sandeep Chakravorty, Consul General of India, New York wrote a letter to Honorable Catherin Osten, State Senator of Connecticut. Ostensibly in an attempt to persuade her to withdraw her support from the State legislation on the issue of Sikh Genocide, the defendant made statements against the plaintiff which are defamatory in nature, accuse the plaintiff of crimes, illegal and immoral activities and impute the plaintiff with adjectives carrying general and specifically in the given context, negative connotations, such as "radical and "terrorist" and carrying on "pernicious campaign".

24.    The defendants November 05, letter in relevant parts states that :

> "the fringe/radical and terrorist elements of the Sikh Community in Connecticut appear to be oblivious of what has happened in the past and carrying on their vociferous, pernicious and divisive campaign as they see money and power for themselves in this. They now want to now import this divisiveness to Connecticut.



grief to Sikhs and other peoples in Punjab and other places in India. However, the fringe/radical elements of the Sikh Community in Connecticut appear to be oblivious of what has happened in the past and are carrying on their vociferous, pernicious and divisive campaign as they see money and power for themselves in this. They now want to now import this divisiveness to Connecticut.

25.    Attempting to persuade Senator Osten to withdraw her support from the legislative action of declaring to commemorate "Sikh Genocide Remembrance Day", Ambassador Sandeep, wrote:

> "We somehow feel that these fringe elements have taken benefit of your trust and made you to support this Bill with the help of not only distorted fact but also the divisive

narrative which will seed discord among the peace loving united Indian Community who live the great State of Connecticut".................... "I also met with the Hon'ble Governor of Connecticut in this regard and he was appreciate of our concerns which are brought out in this letter"

> We somehow feel that these fringe elements have taken benefit of your trust and made you to support this Bill with the help of not only distorted facts but also the divisive narrative which will seed discord among the peace loving and united Indian Community who live in great State of Connecticut. Already many of them have written to the Hon'ble Governor in this regard. I also met with the Hon'ble Governor of Connecticut in this regard and he was appreciate of our concerns which are brought out in this letter.

26.   By cause of Defendants' statement made to a third party, which they knew to be false and/or published with a reckless disregard of whether it was actually true, Plaintiff sustained significant reputational damage and emotional distress.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Slander Per Se – Injury to Personal Reputation)

27.   Khalsa repeats and re-alleges the allegations set forth in paragraphs 1 to 26 as if fully set forth at length herein.

28.   Chakravorty statements and publications described herein ("Statements") concerning and implicating Khalsa and other similarly situated individuals were false.

29.   Chakravorty Statements were published by communication of the same to Senator Osten and Governor of the State of Connecticut not privileged in any manner.

8

30.    Chakravorty Statements were made with reckless disregard of their truth or falsity and/or with malice.

31.    Chakravorty Statements were slanderous per se because they injure Khalsa's personal reputation and implicate him in criminal, illegal and immoral activities.

32.    Chakravorty Statements forever falsely taint and permanently damage Khalsa, in the eyes of the community in general and in the eyes of the Sikh community of Connecticut in particular as an individual who is "radical and terrorist", seeks to gains the trust of the public officials is to make money and engages in destructive campaigns. Khalsa has devoted years of his personal life to the service of the local community and the Sikh community of Connecticut and beyond. Chakravorty's Statements permanently damage Khalsa's personal reputation in Connecticut and around the world.

## SECOND CLAIM FOR RELIEF

(Slander Per Se – Accusations of Criminal Conduct)

33.    Khalsa repeats and re-alleges the allegations set forth in paragraphs 1 to 32 as if fully set forth at length herein.

34.    Chakravorty Statements concerned Khalsa and were false.

35.    Chakravorty Statements were published by communication of the same to the third party and not privileged in any manner.

36.    Chakravorty Statements were made with reckless disregard of their truth or falsity and/or with malice.

37.     Chakravorty Statements were slanderous per se because they allege Khalsa was engaged in criminal conduct.

38.    Chakravorty accused Khalsa of engaging in a skimming financial benefits from campaigns related to issues of interest for the Sikh community,  gaining trust of public officials for personal gains and thus tainting and permanently damaging

Khalsa in the eyes of his local community, the Sikh community of Connecticut and beyond. Chakravorty's Statements permanently damage Khalsa's personal reputation in Connecticut and around the world.

### THIRD CLAIM FOR RELIEF
(Slander By Implication)

39.    Khalsa repeats and re-alleges the allegations set forth in paragraphs 1 to 38 as if fully set forth at length herein.

40.    Chakravorty Statements concerned Khalsa and indicate the existence of other facts which are defamatory.

41.    Chakravorty Statements were published by communication of the same to the third party and not privileged in any manner.

42.    Chakravorty Statements were made with reckless disregard of their truth or falsity and/or with malice.

43.    Chakravorty had no reasonable grounds for believing the truth of his Statements. Chakravorty relied on, at best, hearsay, circumstantial evidence and lies in making the Statements.

44.    Chakravorty Statements forever falsely taint and permanently damage Khalsa, in the eyes of his local community, the Sikh community of Connecticut and beyond. Chakravorty's Statements permanently damage Khalsa's personal reputation in Connecticut and around the world.

### FOURT CLAIM FOR RELIEF
(Slander – Reckless Disregard/Malice)

45.    Khalsa repeats and re-alleges the allegations set forth in paragraphs 1 to 44 as if fully set forth at length herein.

46.    Chakravorty Statements concerned Khalsa and were false.

47.     Chakravorty Statements were widely published and not privileged in any manner.

48.     Chakravorty Statements were made with reckless disregard of their truth or falsity and/or with malice.

49.     Chakravorty had no reasonable grounds for believing the truth of his Statements. Chakravorty relied on, at best, hearsay, circumstantial evidence and lies in making the Statements.

50.     Chakravorty Statements forever falsely taint and permanently damage Khalsa, in the eyes of his local community, the Sikh community of Connecticut and beyond. Chakravorty's Statements permanently damage Khalsa's personal reputation in Connecticut and around the world.

## FIFTH CLAIM FOR RELIEF

### (Libel Per Se – Injury to Personal Reputation)

56.     Khalsa repeats and re-alleges the allegations set forth in paragraphs 1 to 55 as if fully set forth at length herein.

57.     Chakravorty Statements concerned Khalsa and were false.

58.     Chakravorty Statements were widely published and not privileged in any manner.

59.     Chakravorty Statements were made with reckless disregard of their truth or falsity and/or with malice.

60.     Chakravorty Statements were libelous per se because they injure Khalsa's personal reputations.

61.     Chakravorty Statements forever falsely taint and permanently damage Khalsa, in the eyes of the community in general and in the eyes of the Sikh community of Connecticut in particular as an individual who is "radical and terrorist", seeks to gains the trust of the public officials is to make money and engages in destructive

campaigns. Khalsa has devoted years of his personal life to the service of the local community and the Sikh community of Connecticut and beyond. Chakravorty's Statements permanently damage Khalsa's personal reputation in Connecticut and around the world.

## SIXTH CLAIM FOR RELIEF
### (Libel Per Se – Accusations of Criminal Conduct)

62.    Khalsa repeats and re-alleges the allegations set forth in paragraphs 1 to 61 as if fully set forth at length herein.

63    Chakravorty Statements concerned Khalsa and were false.

64    Chakravorty Statements were widely published and not privileged in any manner.

65.    Chakravorty Statements were made with reckless disregard of their truth or falsity and/or with malice.

66.    Chakravorty Statements were libelous per se because they allege Khalsa was engaged in criminal conduct.

67.    Chakravorty accused Khalsa of engaging in a skimming financial benefits from campaigns related to issues of interest for the Sikh community,  gaining trust of public officials for personal gains and thus tainting and permanently damaging Khalsa in the eyes of his local community, the Sikh community of Connecticut and beyond. Chakravorty's Statements permanently damage Khalsa's personal reputation in Connecticut and around the world.

## NINTH CLAIM FOR RELIEF
### (Libel By Implication)

68.    Khalsa repeats and re-alleges the allegations set forth in paragraphs 1 to 67 as if fully set forth at length herein.

69.   Chakravorty Statements concerned Khalsa and indicate the existence of other facts which are defamatory.

70.   Chakravorty Statements were widely published and not privileged in any manner.

71.   Chakravorty Statements were made with reckless disregard of their truth or falsity and/or with malice.

72.   Chakravorty had no reasonable grounds for believing the truth of his Statements. Chakravorty relied on, at best, hearsay, circumstantial evidence and lies in making the Statements.

73.   Chakravorty Statements forever falsely taint and permanently damage Khalsa, in the eyes of the community in general and in the eyes of the Sikh community of Connecticut in particular as an individual who is "radical and terrorist", seeks to gains the trust of the public officials is to make money and engages in destructive campaigns. Khalsa has devoted years of his personal life to the service of the local community and the Sikh community of Connecticut and beyond. Chakravorty's Statements permanently damage Khalsa's personal reputation in Connecticut and around the world.

**TENTH CLAIM FOR RELIEF**
(Libel – Reckless Disregard/Malice)

74.   Khalsa repeats and re-alleges the allegations set forth in paragraphs 1 to 73 as if fully set forth at length herein.

75.   Chakravorty Statements concerned Khalsa and were false.

76.   Chakravorty Statements were widely published and not privileged in any manner.

77.   Chakravorty Statements were made with reckless disregard of their truth or falsity and/or with malice.

13

78.    Chakravorty had no reasonable grounds for believing the truth of his Statements. Chakravorty relied on, at best, hearsay, circumstantial evidence and lies in making the Statements.

79.    Chakravorty Statements forever falsely taint and permanently damage Khalsa, in the eyes of the community in general and in the eyes of the Sikh community of Connecticut in particular as an individual who is "radical and terrorist and terrorist", seeks to gains the trust of the public officials is to make money and engages in destructive campaigns. Khalsa has devoted years of his personal life to the service of the local community and the Sikh community of Connecticut and beyond. Chakravorty's Statements permanently damage Khalsa's personal reputation in Connecticut and around the world.

## ELEVENTH CLAIM FOR RELIEF

(Intentional Infliction of Emotional Distress)

80.    Khalsa repeats and re-alleges the allegations set forth in paragraphs 1 to 79 as if fully set forth at length herein.

81.    Chakravorty Statements and conduct were extreme and outrageous.

82.    Chakravorty Statements and conduct have caused Khalsa to suffer severe emotional distress.

83.    Chakravorty knew and intended that Khalsa would suffer severe emotional distress as a result of his Statements and conduct.

## PRAYER FOR RELIEF

WHEREFORE, Khalsa seeks judgment as follows:

84.    Awarding Khalsa all compensatory damages he has suffered, including consequential and incidental damages, as a result of Chakravorty's wrongful conduct in an amount to be determined at trial;

85.    Awarding Khalsa punitive damages in a just amount for Chakravorty's willful and wanton conduct;

86.    Awarding Khalsa pre-judgment and post-judgment interest;

87.    Awarding Khalsa his costs, expenses and attorney's fees incurred in connection with this action; and

88.    Awarding Khalsa such other relief as the Court finds just and proper.

Dated:        November 13, 2018

Respectfully submitted,


By: s/ Tejinder Singh Bains
Ali & Bains Law Firm
off counsel to
Pannun Law Firm
7520 Astoria Blvd, Suite 170
East Elmhurst, NY 11370
T: 718-672-8000 F: 718-672-4729
Attorneys for Plaintiff