```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SWARANJIT SINGH KHALSA,

                                    Plaintiff,          18-cv-10543 (LAP) (KHP)

                  -against-                             REPORT & RECOMMENDATION

SANDEEP CHAKRAVORTY,

                                    Defendant.
-----------------------------------------------------------------X
```

**TO: THE HONORABLE LORETTA A. PRESKA, UNITED STATES DISTRICT JUDGE**
**FROM: KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

On November 13, 2018, Plaintiff Swaranjit Singh Khalsa, through counsel, commenced this action against Sandeep Chakravorty for slander, libel, defamation, and intentional infliction of emotional distress.[1] (Doc. Nos. 1 and 2.)  This action was referred to the undersigned for general pre-trial management on March 27, 2019.  (Doc. No. 6.)  On March 29, 2019, this Court issued an Order scheduling an initial case management conference for May 20, 2019.  (Doc. No. 7.)  Because Defendant had not yet appeared in this action, the Court also ordered Plaintiff to file proof of service of the Summons and Complaint on ECF to demonstrate compliance with Federal Rule of Civil Procedure 4(m) by no later than April 12, 2019.  (*Id.*)

Plaintiff failed to file proof of service of the Summons and Complaint as ordered and Defendant did not appear for the May 20, 2019 conference.  Additionally, although Plaintiff is represented by counsel, no one appeared at the May 20, 2019 conference on Plaintiff's behalf.  Indeed, Plaintiff's counsel failed to even submit a letter or call the Court to advise that they

---

[1] Plaintiff asserts that this Court has diversity jurisdiction over his claims pursuant to 28 U.S.C. § 1332.

would not appear. That same day, the Court dialed the phone number listed for Plaintiff's counsel on the docket sheet and left a message with the individual who answered the phone. The Court advised that Plaintiff's counsel missed the May 20, 2019 conference and that the Court would reschedule the conference for a later date.

The Court subsequently issued an Order rescheduling the initial case management conference for July 8, 2019. The Court, once again, directed Plaintiff to file proof of service of the Summons and Complaint on ECF by no later than June 3, 2019 and warned Plaintiff that if he failed to comply with the Court's Order, this action would be dismissed for failure to prosecute. (Doc. No. 9.) Despite this Court's clear and unambiguous warning, Plaintiff, once again, failed to file proof of service of the Summons and Complaint on ECF and, likewise, failed to appear for the conference. No affidavit of service of the Summons and Complaint has been filed since. In light of the above, the undersigned respectfully recommends that this action be dismissed for failure to prosecute.

Under Federal Rule of Civil Procedure 41(b) ("Rule 41(b)"), a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alteration in original) (quoting Rule 41(b)); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)) (explaining that a district court has the authority to dismiss cases *sua sponte* for failure to prosecute). Dismissing an action for failure to prosecute "is a 'harsh remedy' that should 'be utilized only in extreme situations.'" *Rubin v. Abbott Labs.*, 319 F.R.D. 118, 119 (S.D.N.Y. 2016) (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). However, district courts are empowered to dismiss actions *sua sponte*

where there is a "'pattern of dilatory conduct'" or the action is "'lying dormant with no significant activity to move it.'" *Disanto v. Wells Fargo Bank*, No. 12-CV-5204 (SLT)(JO), 2015 WL 270055, at *4 (E.D.N.Y. Jan. 20, 2015) (quoting *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 42 (2d Cir. 1982)).

Before dismissing a case pursuant to Rule 41(b), courts must consider five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste*, 768 F.3d at 216 (citation omitted).  No single factor is dispositive.  *See id.*; *see also Rubin*, 319 F.R.D. 118, 120 (dismissing action where plaintiff "ignored two court orders" and failed to "take[] a single step to ready her claims for trial"); *In re Hurricane Sandy Cases*, No. 14-MC-41, 2016 WL 1084705, at *3 (E.D.N.Y. Feb. 9, 2016), *adopted by* No. 14-MC-41, 2016 WL 1108957 (E.D.N.Y. Mar. 18, 2016) (dismissing action for failure to prosecute where, *inter alia*, plaintiffs failed to file proof of service as ordered); *Disanto*, 2015 WL 270055, at *4 (dismissing action where it lay "dormant with no significant activity" for over six months and plaintiff failed to comply with the court's orders (internal quotation marks omitted)).

Here, upon weighing the factors, the undersigned urges that dismissal is appropriate.  As to the first factor, there is no brightline rule establishing how much time must elapse before an action can be dismissed for failure to prosecute.  *See Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (collecting cases).  Plaintiff has taken no action to move this case forward

since filing the Complaint and requesting the issuance of the Summons in November of 2018. Moreover, since May of 2019, Plaintiff twice failed to follow this Court's orders and provided no justification for his noncompliance. Because Plaintiff has done nothing to advance his claims since commencing this action eight months ago, Plaintiff's delay weighs in favor of dismissal.[2] *See Disanto*, 2015 WL 270055, at *4. With respect to the second factor, Plaintiff was put on notice by this Court's Order dated May 20, 2019 that failing to file proof of service on ECF and failing to appear at the July 8, 2019 initial case management conference would result in dismissal. (Doc. No. 9.)

As to the third factor, there is a rebuttable presumption that Defendant has been prejudiced by Plaintiff's unreasonable delay in litigating this action. *See Wubayeh v. City of New York*, 320 F. App'x 60, 62 (2d Cir. 2009) (quoting *Peart v. City of New York,* 992 F.2d 458, 462 (2d Cir. 1993)). Because Plaintiff submitted no evidence to rebut this presumption, the third factor weighs in favor of dismissing this action. *See id.* (affirming dismissal for failure to prosecute); *see also Thomas v. Shinseki*, No. 09-CV-4900(ADS)(WDW), 2011 WL 4753525, at *5 (E.D.N.Y. Oct. 6, 2011) ("[B]ecause of the increased likelihood that evidence in support of the other party's position may be lost and that discovery and trial may be made more difficult, prejudice may be presumed from an unreasonable delay." (citations omitted)). With respect to the fourth factor, any interest Plaintiff had in being heard was obviated by his failure to diligently litigate this action and comply with this Court's Orders. *See Dones v. Smalls*, No. 17-CV-6038 (JPO), 2018 WL 4211314, at *1 (S.D.N.Y. Sept. 4, 2018) ("[C]ontinued delay cannot vindicate

---

[2] Additionally, if Plaintiff failed to serve the Complaint within the 90-day service period prescribed by Rule 4(m), dismissal (without prejudice) may be appropriate on that basis. *See In re Hurricane Sandy Cases*, 2016 WL 1084705, at * 1 n.1, 2 (E.D.N.Y. Feb. 9, 2016) (citing Fed. R. Civ. P. 4(m)).

Plaintiff's interest in receiving an opportunity to be heard unless he offers some indication that he intends to take up that opportunity."); *Disanto*, 2015 WL 270055, at *4 ("[P]laintiffs' right to an opportunity for a day in court has been thoroughly vindicated—notwithstanding the fact that they have failed to take advantage of that opportunity.")

Finally, as to the fifth factor, so long as dismissal is an appropriate sanction in light of the overall record, the court is not required to impose a lesser sanction.  *Rubin*, 319 F.R.D. at 122 (quoting *South New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010)).  Here, in light of Plaintiff's failure to comply with any of the undersigned's orders, I find that any sanction short of dismissal is unlikely to be effective. *Disanto*, 2015 WL 270055, at *4 (dismissal appropriate where plaintiffs took no action "on pain of possible dismissal").

In light of the above, the undersigned respectfully recommends that this action be dismissed pursuant to Rule 41(b).  Plaintiff is hereby directed to serve a copy of this Report and Recommendation on the Defendant by certified mail and to file proof of service of the same by no later than **July 26, 2019**.

Dated: July 17, 2019
      New York, New York

Respectfully submitted,

*/s/ Katharine H. Parker*
KATHARINE H. PARKER
United States Magistrate Judge

## NOTICE

**Plaintiff shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.** *See also* **Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)). Defendant shall have seventeen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.**

**If Plaintiff files written objections to this Report and Recommendation, Defendant may respond to Plaintiff's objections within seventeen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Alternatively, if Defendant files written objections, Plaintiff may respond to such objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2);** *see also* **Fed. R. Civ. P. 6(a), (d). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Loretta A. Preska at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Preska. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal.** *See* **28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b);** *Thomas v. Arn*, **474 U.S. 140 (1985).**